# EXHIBIT "3"

# EXHIBIT "3"

| | |
|---|---|
| **From:** | Colby B. Springer |
| **To:** | Prunty, Donald L. (Shld-LV-LT) |
| **Cc:** | caustin@weidemiller.com; Escobar-Gaddi, Evy (Secy-LV-LT); Rabe, Bethany L. (OfCnsl-LV-Ent); ImageKeeper-WF Internal; sjohnson@cohenjohnson.com; Steve Cohen |
| **Subject:** | RE: Imagekeeper adv. Evoke |
| **Date:** | Thursday, January 21, 2021 3:52:46 PM |
| **Attachments:** | image001.png |

**\*EXTERNAL TO GT\***

All

Per our call just now, ImageKeeper expects production of a full inventory by the close of business (5 PM) on Monday followed by actual production of the items in that inventory no later than one week from today by close of business (5 PM).

The exception is with respect to any hardware, which ImageKeeper is amenable to the process outlined by Chris—the unopened package delivered to a reputable ESI vendor for retention/mirroring and generation of an appropriate chain of custody.  Delivery of a mirror copy can be arranged subject to the best practices of the vendor.

If the documents received to date are so voluminous that additional time is needed, please advise as we can discuss the same.  Otherwise, ImageKeeper will proceed with its renewed motion upon failure to Evoke to meet either of the aforementioned deadlines.

If at any time Evoke is committed to represent in writing (as it previously suggested) that it is completely ready, willing, and able to turn over any and all materials in that inventory but for being prevented from doing so by a third-party, then that might obviate the need for us to file our renewed motion for sanctions—at least with respect to Evoke.  ImageKeeper obviously reserves all rights until that time the factual scenario is fully laid out by the requisite parties.

Thank you.

**From:** Colby B. Springer
**Sent:** Thursday, January 21, 2021 12:03 PM
**To:** 'PruntyD@gtlaw.com' <PruntyD@gtlaw.com>
**Cc:** caustin@weidemiller.com; escobargaddie@gtlaw.com; rabeb@gtlaw.com; ImageKeeper-WF Internal <ImageKeeper-WFInternal@Polsinelli.com>; 'sjohnson@cohenjohnson.com' <sjohnson@cohenjohnson.com>; 'Steve Cohen' <scohen@cohenjohnson.com>
**Subject:** RE: Imagekeeper adv. Evoke

Hello, Donald

During my call with Chris on Tuesday I indicated that the outstanding issue of note is the return of all materials related to Imagekeeper, the so-called 'Wright Flood application,' and any and all materials received from Wright Flood in the process of the same.  This is the same issue addressed in ImageKeeper's prior correspondence (which is attached in relevant part).  As indicated in that

correspondence, the PI requires Evoke to "cease all involvement with ImageKeeper technology and to fully account, and ultimately return, any retained confidential information." ImageKeeper demanded, in that regard, that Evoke (5 PM on January 11) provide an "accounting and identify a date certain and mechanism for the return of any and all confidential information relating to ImageKeeper information accessed by, utilized, or otherwise made available to Evoke by Wright Flood."

On January 11 (after 5 PM), Evoke identified the following:

- User Manual received from Wright Flood
- APA documentation regarding the code received from Wright Flood
- Website credentials received from Wright Flood that have now been deactivated
- Cell Phone preloaded with Image Keeper app received from Wright Flood and presently located in India
- Instructions with images taken from the app received from Wright Flood
- Case study prepared by Evoke with pdf Images received from Wright Flood
- Correspondence with Wright Flood (emails, etc.)

ImageKeeper indicated (on January 13) and responsive to certain queries by Evoke that "it is ultimately incumbent on Evoke to clarify any purported issues preventing compliance and to do so with the Court." ImageKeeper further indicated that "[f]rom ImageKeeper's perspective, any and all information that was provided to *Wright Flood by ImageKeeper* occurred under the auspices of a non-disclosure agreement or other understandings of confidentiality. As such, any information involving ImageKeeper or ImageKeeper technology and that was subsequently provided to *Evoke by Wright Flood* or that otherwise allowed for access to said technology is—in the eyes of ImageKeeper —confidential information subject to the preliminary injunction." ImageKeeper further suggested that "should [Evoke] sincerely wish to comply with its stated intention to abide by the injunction" that it would be best advised:

> to return **any and all** information received by Evoke from Wright Flood concerning ImageKeeper, ImageKeeper technology or products, or any suggestions, designs, recommendations, or asks concerning the engagement with Wright Flood to produce an ImageKeeper-like system as well as any communications, documentation (including any contemporaneously or subsequently created) or data, derivatives, and other information generated in the course of accessing the ImageKeeper System (be it through direct access to the Nevada servers or through the Virginia redirect/emulation). This would likewise include any documentation, products, code, deliverables, or (non-attorney) work product that might have been generated by Evoke after having gained access to the system—access improperly allowed for by Wright Flood—as any such access would not have otherwise been allowed by ImageKeeper. To be clear, ImageKeeper recommends production of this information regardless of means or format of storage (physical or digital, email or chat/ephemeral messenger/collaborative work space, or personal storage or centralized storage).

ImageKeeper also indicated it "would accept receipt of the same under the guide of a 'highly confidential-outside counsel's eyes only' designation until a less restrictive designation might be

arrived at (if appropriate)." ImageKeeper also indicated that "[w]ith the understanding that you are expressly prepared to produce the information identified in your January 11 email and if your intent to produce/return such information otherwise encompasses the scope of the information identified above, ImageKeeper is willing to temporarily refrain from seeking further relief from the Court and concerning Evoke's violation of the injunction in this matter." ImageKeeper likewise indicated that "[i]f and when this production is made 'by the end of this week' and subject to a subsequently sworn declaration of an authorized person acting on behalf of Evoke as to (1) the scope/completeness of the return, (2) the means of searching for the returned materials, and (3) an agreement to immediately return any further discovered materials regardless of a pending discovery request, any further action by ImageKeeper and concerning Evoke's violation of the injunction might be obviated."

At the close of the business day on January 15 (the aforementioned end of the week), Evoke indicated that it did not have the requisite materials in its possession and that it was further being prohibited from making a production by Wright Flood. You've noted that suggestion by Wright Flood again below.

Any interaction or obligations by and between Wright Flood and Evoke are just that—between Wright Flood and Evoke. ImageKeeper cannot advise one way or the other how Evoke should respond to Wright Flood's threats (which ImageKeeper is forced to perceive as an active (if not coordinated) attempt to prevent the return of damning materials). If there is (in Evoke's mind) an apparent conflict or duly obligations with the Court's order and threats made by Wright Flood, I (personally) would abide by the terms of a Court order. If Wright Flood wants to move for a protective order obviating or adjusting the scope of the PI for some time certain, then that is on Wright Flood. But there is a preliminary injunction the language of which ImageKeeper believes to be clear and to date unsatisfied.

In short—our 'issues' concerning the ongoing violation remain today as they did in our prior correspondence, which is attached and highlighted above.

While I do not envy your client's position—or the counsel you might be required to give—it is not ImageKeeper's conundrum to resolve.

Thank you.

Colby B. Springer | Principal
**POLSINELLI** *LLP*
Three Embarcadero Center, Suite 2400
San Francisco, CA 94111
(O) 415.248.2118 | (M) 415.412.6570
cspringer@polsinelli.com

---

**From:** PruntyD@gtlaw.com <PruntyD@gtlaw.com>

**Sent:** Thursday, January 21, 2021 11:26 AM
**To:** Colby B. Springer <CSpringer@Polsinelli.com>
**Cc:** caustin@weidemiller.com; escobargaddie@gtlaw.com; rabeb@gtlaw.com
**Subject:** Imagekeeper adv. Evoke

**EXTERNAL EMAIL**   pruntyd@gtlaw.com

Colby,

I wanted to let you know that GT has now entered its appearance in the case representing Evoke, and that I look forward to working with you to resolve this matter. Regarding your request for a meet and confer on the issue of contempt, rest assured that we will work with you cooperatively to see that all terms of the court's order are complied with.

To that end, we have previously requested a written list of any issues that you believe need to be addressed, so that we may have a productive meet and confer conference.  We also provided you with a proposed time and date for today which I understand from Chris is now 3:00 p.m.. We still have not received a written list of issues, but will hold the time available for a discussion. Without an advance list we may need more time to resolve any issues you raise on the call. I will have my assistant circulate a Bluejeans meeting invitation.

Due to the time (and sometimes date) difference between here and India, in order to have a productive meeting and to ensure that we can move forward without unnecessary involvement of the court, an advanced detail of the issues is very helpful. In the future, we request at least 48 hours notice of the topics to be addressed in a meet and confer call if they require discussions with our client. .

As you are aware, Wright National Flood Insurance "Wright" has objected to us providing documents to you on numerous grounds including the lack of a protective order, confidentiality agreements and an interpretation that the court order only requires eventual and not an immediate delivery of documents. The letter also brings up an apparent conflict in the order both requiring us to keep and destroy materials. We have provided you a copy of their letter. Please be prepared to discuss these issues at the meet and confer conference.

As previously discussed with Chris, Evoke has been working to provide us with all documents received from Wright concerning the project Wright employed Evoke to perform. While we are not aware that  the documents contain any Imagekeeper trade secrets, we are including them in an inventory to serve as an "accounting".  Chris has been working on the inventory.  He informs me that he should be able to send that accounting to you in the next several business days.  Evoke never owned the software, is not marketing it, distributing it or otherwise sharing it. The web site you objected to was taken down immediately. The only remaining item will be Wright's phone which was given to Evoke by Wright. As you have discussed with Chris, Evoke was working to overcome the ban on shipping devices containing lithium-ion batteries, and we have now been informed it is in transit to Chris.

Again, we look forward to working with you.  Please feel free to call me should you need to throughout the case.  I am working remotely from the office, so the best way to reach me is on my cell phone at 702-498-3482.

Warmest regards,


**Donald Prunty**
Shareholder

Greenberg Traurig, LLP
10845 Griffith Peak Drive | Suite 600 | Las Vegas, NV 89135
T +1 702.938.6890
PruntyD@gtlaw.com   |   www.gtlaw.com   |   View GT Biography

**GT GreenbergTraurig**

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

This electronic mail message contains CONFIDENTIAL information which is (a) ATTORNEY - CLIENT PRIVILEGED COMMUNICATION, WORK PRODUCT, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not an Addressee, or the person responsible for delivering this to an Addressee, you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please reply to the sender and take the steps necessary to delete the message completely from your computer system.