UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| IMAGEKEEPER LLC,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>WRIGHT NATIONAL FLOOD INSURANCE SERVICES LLC, *et al.,*<br><br>　　　　　　Defendants. | 2:20-cv-01470-GMN-VCF<br><br>**ORDER**<br><br>MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM WRIGHT FLOOD [ECF NO. 166] |

　　　Plaintiff ImageKeeper LLC filed a motion to compel defendant Wright National Flood Insurance Services LLC to produce documents. (ECF No. 58). I deny the motion without prejudice.

**I.　　Background**

　　　Plaintiff brings various claims against multiple defendants regarding alleged misappropriation and use of plaintiff's trade secrets and confidential information. (ECF No. 67). Plaintiff argues that defendant Wright Flood must be compelled to produce documents from multiple custodians and supplement its production regarding multiple requests. (ECF No. 166 at 2-4). Defendant Wright Flood argues that Imagekeeper's motion is premature because it did not meet and confer in good faith. (ECF No. 168 at 3). Wright Flood argues that, through counsel, it told plaintiff that it would produce many of the documents plaintiff requested, but plaintiff filed its motion to compel anyway. (*Id.* at 7). Wright Flood also argues that plaintiff has failed to follow the local rules regarding including the text of the discovery it sought in the motion and the meet and confer requirements. (*Id.* at 6). Plaintiff asserts in its

reply that "formalities" are irrelevant and that while Wright Flood has now produced some documents, it only did so because of the instant motion. (ECF No. 169).

## II.     Discussion

"It is well recognized that a federal district court has the inherent power to administer its docket in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases." *M.C. Prods., Inc. v. AT&T (In re M.C. Prods., Inc.*), No. 98-56964, 1999 U.S. App. LEXIS 34116, at 2 (9th Cir. Dec. 22, 1999) (citations omitted). "The district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The federal rules of civil procedure, "should be construed, administered, and employed by the court ***and the parties*** to secure the just, speedy, and inexpensive determination of every action and proceeding." FRCP 1 (emphasis added).

Per Local Rule 26-6 (b), "[a]ll motions to compel discovery or for a protective order must set forth in full the text of the discovery originally sought and any response to it." "Discovery motions will not be considered unless the movant…has made a good faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion." LR 26-6(c).

Plaintiff has not complied with Local Rule 26-6(b) as it did not set forth the text of the discovery it sought in its motion to compel. Based on the record before me, Imagekeeper appears to be engaged in a pattern of failing to comply with the local rules of this court: Judge Navarro previously denied one of plaintiff Imagekeeper's motions for failing to follow the local rules and finding that Imagekeeper, "may not have needed to file this motion had it complied with the Local Rules ***and cooperated with opposing counsel to ensure compliance***." *Imagekeeper LLC v. Wright Nat'l Flood Ins. Servs. LLC*, No. 2:20-cv-01470-GMN-VCF, 2020 U.S. Dist. LEXIS 252829, at 24 (D. Nev. Dec. 28, 2020) (emphasis added).

When attorneys fail to communicate with each other, it violates Rule 1 and it wastes scarce judicial resources. The local rules are not mere formalities. While the parties technically talked on the

phone and sent written correspondence, based on the representations both parties make, I find that the parties did not have a good faith discussion to resolve these issues prior to Imagekeeper filing this motion. I deny Imagekeeper's motion without prejudice because it failed to follow the local rules.

I order that counsel for both parties must meet and confer in good faith, face-to-face via videoconference (or over multiple videoconferences if needed), regarding the issues plaintiff raises in this discovery motion, and any other discovery issues that the parties foresee arising. I will consider sanctioning both parties' attorneys if they are unable to meet and confer in good faith and make good faith efforts to resolve these issues without further intervention. To ensure that the parties work together to narrow these issues, I further order that the plaintiff's motion to compel may be renewed by filing a joint statement outlining only the issues they were not able to agree on. The joint statement must include the full text of the discovery sought and detail their meet-and-confer efforts.

ACCORDINGLY,

I ORDER that plaintiff Imagekeeper's motion to compel (ECF NO. 166) is DENIED WITHOUT PREJUDICE.

I FURTHER ORDER that the parties must meet and confer in good faith, face-to-face, via videoconference(s) by October 21, 2021.

I FURTHER ORDER that if the parties are unable to resolve the issues in the meet-and-confer, the parties must work together and file a JOINT STATEMENT renewing the motion to compel and outlining the remaining issues by November 4, 2021.

IT IS SO ORDERED.

DATED this 7th day of October 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE