# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

ImageKeeper LLC,

        Plaintiff

  v.

Wright National Flood Insurance Services, LLC, et al.

        Defendants

Case No.: 2:20-cv-01470-CDS-VCF

**Order Resolving the Parties' Various Motions to Seal Relating to Defendants' Motions for Summary Judgment**

[ECF Nos. 258, 262, 272, 274, 279, 281]

Before the court are several motions to seal various documents associated with defendants' summary judgment motions. ECF Nos. 258, 262, 272, 274, 279, 281. Defendant Evoke Technologies Private Limited seeks to seal, in its entirety, its motion for summary judgment and all associated exhibits as well as its reply to the same. ECF Nos. 258, 279. Defendant Wright National Flood Insurance Services, LLC seeks to seal portions of its motion for summary judgment and various portions of related declarations and exhibits as well as portions of its reply to the same. ECF Nos. 262; 281. Wright also seeks to seal its evidentiary objections to the May 15, 2023, Declaration of Micheal Patterson. ECF No. 281. Plaintiff ImageKeeper LLC seeks to seal in its entirety its opposition to Evoke's motion for summary judgment and Exhibits 5–13 attached thereto in support. ECF No. 272. ImageKeeper also seeks to seal its opposition to Wright's motion for summary judgment and Exhibits 1–4 attached thereto in support. ECF No. 274. For the following reasons, I grant Wright's motions to seal (ECF Nos. 262, 281) and deny Evoke's and ImageKeeper's motions to seal (ECF Nos. 258, 272, 274, 279).

1  I.      **Legal standard**

2        "Historically, courts have recognized a 'general right to inspect and copy public records

3  and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*,

4  447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7

5  (1978)). Unless a particular court record is one "traditionally kept secret," a "strong presumption

6  in favor of access" is the starting point. *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1135 (9th

7  Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). The strong

8  presumption of access to judicial records applies fully to dispositive pleadings, including

9  motions for summary judgment and related attachments. *Foltz*, 331 F.3d at 1136.

10        The Ninth Circuit adopted this principle of disclosure because the resolution of a

11  dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in

12  ensuring the "public's understanding of the judicial process and of significant public events."

13  *Kamakana*, 447 F.3d 1172, 1179 (citing *Valley Broadcasting Co. v. United States Dist. Court*, 798 F.2d

14  1289, 1294 (9th Cir. 1986)); *accord Foltz*, 331 F.3d at 1135–36 (noting that "'summary judgment

15  adjudicates substantive rights and serves as a substitute for trial'") (quoting *Rushford v. The New*

16  *Yorker Magazine*, 846 F.2d 249, 252 (4th Cir. 1988)). Thus, "compelling reasons" must be shown

17  to seal judicial records attached to a dispositive motion. *Foltz*, 331 F.3d at 1136. The "compelling

18  reasons" standard is invoked even if the dispositive motion, or its attachments, were previously

19  filed under seal or protective order. *Id.* ("[T]he presumption of access is not rebutted where …

20  documents subject to a protective order are filed under seal as attachments to a dispositive

21  motion. The … 'compelling reasons' standard continues to apply.") (internal citations omitted).

22        Under this stringent standard, a court may seal records only when it finds "a compelling

23  reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or

24  conjecture." *Kamakana*, 447 F.3d at 1179 (internal quotation marks and citation omitted).

25  Therefore, the party seeking to have the document sealed must present "articulable facts"

26  identifying the interests that favor secrecy and show that these specific interests overcome the

presumption of access because they outweigh the public's interest in understanding the judicial process. *Id.* at 1180. "Any request to seal must also be 'narrowly tailored' to remove from the public sphere only material that warrants secrecy." *Harper v. Nev. Prop. 1*, 552 F.Supp. 3d 1033, 1040–41 (D. Nev. July 20, 2021) (citing *Press-Enterp. Co. v. Superior Court*, 464 U.S. 501, 513 (1984)).

## II.      Evoke's Motions to Seal (ECF Nos. 258, 279)

Evoke requests that the court seal in its entirety its summary judgment (ECF No. 259) and all associated exhibits, including its reply (ECF No. 280) because there is a protective order governing discovery material in this case under which ImageKeeper has broadly claimed confidentiality, sensitivity, or trade secret status "for many documents and materials relating to the facts here" and said motion "references such material and its contents[.]" ECF Nos. 258 at 2–3; 279 at 3. Evoke argues broadly that "allegedly sensitive business information and alleged trade secrets" is "at issue" in this case, and that this is a "common ground" for granting a motion to seal. ECF No. 258 at 5. Evoke's motion is denied because it is overbroad.

The public has a "general right to inspect and copy public records and documents, including judicial records and documents" and any request to seal must be "narrowly tailored" to remove from the public sphere only material that warrants secrecy. *Kamakana*, 447 F.3d at 1178; *Harper*, 552 F.Supp. 3d at 1040–41. As a threshold matter, the fact that the parties have agreed to keep information confidential in a protective order does not provide a compelling reason to seal a court record. *See Foltz*, 331 F.3d at 1138. While the court agrees that "business information that might harm a litigant's competitive standing" may independently provide a compelling reason to seal, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978), Evoke makes no attempt to narrow its request to only information which might reveal ImageKeeper's allegedly sensitive business information, instead requesting—without explanation—that the court seal every word and exhibit relating to its summary judgment motion, even those potentially fit for public consumption. This is improper. *See, e.g., Tan v. Konnektive Rewards, LLC*, 2023 U.S. Dist. LEXIS

35415, at *20–21 (S.D. Cal. Mar. 2, 2023) ("[T]he parties' failure to narrowly tailor their sealing requests provides an independent reason to deny the Motions to Seal.").

Evoke is instructed to either provide the court with "articulable facts" for why its motion must be sealed in its entirety, or to redact only the material which warrants secrecy. *See Chaker-Delnero v. Nevada Federal Credit Union*, 2:06-cv-00008-JAD-EJY, at *2 (D. Nev. July 28, 2021) ("[S]ealing documents is improper when confidential information can instead be redacted.") (citing *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011); *see also Jaramillo v. Area 15 Las Vegas LLC*, 2:21-cv-00891-RFB-BNW, at *12 (D. Nev. Mar. 8, 2022) ("Redaction is the Court's preferred method over sealing an entire document.").

## III. Wright's Motions to Seal (ECF Nos. 262, 281)

Wright moves to seal portions of its summary judgment motion (ECF No. 264), Exhibits C, F–M to the Declaration of Terry Ahearn, and portions of the Declaration of Robert Zeidman as well as Exhibit B attached thereto because the redacted portions contain ImageKeeper's alleged trade secrets and/or sensitive and confidential business information. ECF No. 262 at 1–2. Additionally, Wright requests that the court seal Exhibit L to the Ahearn Declaration because it contains Wright's confidential business and financial information. *Id.* at 2. Wright also moves to seal portions of its reply in support of its summary judgment motion (ECF No. 282), Exhibits O, Q, S, U, and V to the attached Declaration of Terry Ahearn, and Wright's evidentiary objections to the May 15, 2023, Declaration of Michael Patterson because the redacted portions contain ImageKeeper's alleged trade secrets and/or sensitive and confidential business information. ECF No. 281 at 1–2.

While there is a "strong presumption" in favor of access, there may be compelling reasons to seal "business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. Here, Wright has articulated that portions of its summary judgment motion and related documents contain trade secrets and/or sensitive and confidential business information relating to both its business and that of ImageKeeper. Wright has further narrowly tailored its request to

only the material which warrants secrecy by selectively requesting to seal or redact only the documents and portions of documents which reference this confidential business information. For that reason, the court grants Wright's motions to seal. *Bullion Monarch Mining, Inc. v. Barrick Goldstrike Mines, Inc.*, 2018 U.S. Dist. LEXIS 187819, at *2, *13 n.2 (D. Nev. Nov. 1, 2018).

IV.     **ImageKeeper's Motions to Seal (ECF Nos. 272, 274)**

        ImageKeeper moves to seal the entirety of its oppositions to Wright's motion for summary judgment (ECF No. 269) and Evoke's motion for summary judgment (ECF No. 270) as well as exhibits because the "entirety of ImageKeeper's Opposition and Exhibits contain ImageKeeper's trade secrets and sensitive and confidential business information and should remain out of the public record." ECF No. 272 at 2; ECF. No. 274 at 2. ImageKeeper argues broadly that "[t]he information at issue is extremely confidential, has never been disclosed to the public, and is protected internally within ImageKeeper." ECF No. 272 at 2; ECF No. 274 at 2.

        ImageKeeper's motion is denied as overbroad for the same reason as Evoke's motion— namely, that ImageKeeper fails to narrow its request to seal to only the material which warrants secrecy. *See Harper*, 552 F.Supp. 3d at 1040–41. ImageKeeper is similarly instructed to either provide the court with an explanation for why its motion must be sealed in its entirety, or to redact only the material which warrants secrecy.

III.    **Conclusion**

        IT IS THEREFORE ORDERED that defendant Evoke's motions to seal **[ECF Nos. 258; 279] are DENIED** without prejudice, and plaintiff ImageKeeper's motions to seal **[ECF Nos. 272; 274] are DENIED without prejudice.** Within 14 days of this order, defendant Evoke and plaintiff ImageKeeper are directed to either:

        (1) file a motion requesting that the motions be unsealed in their entirety; or

        (2) file a motion to seal addressing the *Kamakana* standard in conjunction with the
            motions for summary judgment in accordance with the local rules.

IT IS FURTHER ORDERED that defendant Wright's motions to seal **[ECF Nos. 262; 281] are GRANTED**. The Clerk of Court is directed to maintain the seal on ECF Nos. 264-5, 264-8, 264-9, 264-10, 264-11, 264-12, 264-13, 264-14, 264-15, 282-3, 282-5, 282-7, 282-9, and 282-10. The Clerk of Court is kindly instructed to unseal the remaining exhibits for ECF Nos. 264 and 282.

Dated: October 24, 2023

_____
Cristina D. Silva
United States District Judge