UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ImageKeeper LLC, | Case No. 2:20-cv-01470-CDS-NJK |
| Plaintiff | **Order Regarding Motions to Seal** |
| v. | |
| Wright National Flood Insurance Services LLC, et al., | [ECF Nos. 315, 318, 322, 328, 331, 335] |
| Defendants | |

Before the court are several motions to seal various documents associated with defendants' summary judgment motions. ECF Nos. 315, 318, 322, 328, 331, 335. Defendant Evoke Technologies Private Limited seeks to redact portions of its motion for summary judgment and various portions of related declarations and exhibits as well as portions of its reply to the same and to file redacted versions. ECF No. 315; ECF No. 335. Defendant Wright National Flood Insurance Services, LLC seeks to redact portions of its motion for summary judgment and various portions of related declarations and exhibits as well as portions of its reply to the same. ECF Nos. 318; 331. Plaintiff ImageKeeper LLC seeks to redact portions of its opposition to Evoke's motion for summary judgment and Exhibits N-BB and DD-FF attached thereto in support. ECF No. 328. ImageKeeper also seeks to redact portions of its opposition to Wright's motion for summary judgment and Exhibits A-M attached thereto in support. ECF No. 322. For the following reasons, I grant Evoke's motions to seal (ECF Nos. 315, 335) and deny Wright's and ImageKeeper's motions to seal (ECF Nos. 318, 322, 328, 331).

I. Legal standard

In the Ninth Circuit there is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The public interest in full disclosure of documents is grounded upon "ensuring the 'public's understanding of the judicial

process and of significant public events.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citations omitted). The Ninth Circuit has made clear that the sealing of entire documents is improper when confidential information can be redacted to leave meaningful information available to the public. *Foltz*, 331 F.3d at 1137. To the extent that a sealing order is permitted, it must be narrowly tailored. *See, e.g., Press-Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 513 (1984) (sealing orders should be "limited to information that [is] actually sensitive"). Thus, only the portions of a filing that contain specific reference to confidential documents or information, and exhibits that contain such confidential information, may be filed under seal. *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011). Trade secrets and proprietary confidential business information are routinely considered "compelling reasons" to seal. *See, e.g., In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"); *Jam Cellars, Inc. v. Wine Grp. LLC*, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for "confidential business and proprietary information relating to the operations of both Plaintiff and Defendant").

"[C]ompelling reasons" must be shown to seal judicial records attached to a dispositive motion. *Foltz*, 331 F.3d at 1136. Under this stringent standard, a court may seal records only when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Kamakana*, 447 F.3d at 1179 (internal quotation marks and citation omitted). Therefore, the party seeking to have the document sealed must present "articulable facts" identifying the interests that favor secrecy and show that these specific interests overcome the presumption of access because they outweigh the public's interest in understanding the judicial process. *Id.* at 1180. "Any request to seal must also be 'narrowly tailored' to remove from the public sphere only material that warrants secrecy." *Harper v. Nev. Prop. 1*, 552 F. Supp. 3d 1033, 1040–41 (D. Nev. 2021) (citing *Press-Enterprise*, 464 U.S. at 513).

II. Discussion

    A. Evoke's Motions to Seal (ECF Nos. 315, 335)

Evoke requests that the court seal parts of its summary judgment motion (ECF No. 314) and several associated exhibits, as well as portions of its reply (ECF No. 336) because there is a protective order governing discovery material in this case under which ImageKeeper has broadly claimed confidentiality, sensitivity, or trade secret status. ECF No. 315 at 2 (citing ECF No. 177 at 3 and ECF No. 179 at 27); ECF No. 335 at 2 (same).[1] However, unlike its previous attempt to seal (ECF No. 258; ECF No. 279), Evoke points to specific, articulable facts explaining why its motion, reply, and exhibits must have portions redacted. It identifies specific pages "containing sensitive or proprietary business information" and another that "identifies Evoke's compensation for creating the app and other IT services, which competitors could use to compete with Evoke's pricing[.]" ECF No. 315 at 3.

Although there is a "strong presumption" in favor of access, there may be compelling reasons to seal "business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Here, Evoke has articulated that portions of its summary judgment motion and related documents contain trade secrets and/or sensitive and confidential business information relating to both its business and that of ImageKeeper. Evoke has further narrowly tailored its request to only the material which warrants secrecy by selectively requesting to redact only the portions of the documents which reference this confidential business information, even providing helpful charts to explain each of its proposed redactions. *See id*; ECF No. 335 at 3. For that reason, the court grants Evoke's motions to seal. *See Bullion Monarch Mining, Inc. v. Barrick Goldstrike Mines, Inc.*, 2018 U.S. Dist. LEXIS 187819, at *2, *13 n.2, (D. Nev. Nov. 1, 2018) (finding compelling reasons to seal selective references to and exhibits

---

[1] Evoke seeks to redact parts of pages 6, 7, and 11 of the motion for summary judgment as well as pages 286 and 287 of Exhibit B (Hari Prasad Alla Deposition Transcript); Exhibit 1 of Exhibit F (QuickStart Guide attached to Alla Declaration); and page 30 and Schedule 14 of Exhibit H (Excerpts of Pedigo Expert Report). ECF No. 315 at 3. Evoke also seeks to redact portions of pages 3, 5, and 15 of its reply, as well as transcript page 79 of Exhibit M (Transcript of Patterson Deposition).

describing defendant's confidential business information because it may harm defendant's competitive standing if revealed).

### B. Wright's Motions to Seal (ECF Nos. 318, 331)

Wright moves to seal portions of its motion for summary judgment and Exhibit C to the Declaration of D. Stuart Bartow. ECF No. 318 at 1–2. Wright explains that "[t]he redacted portions of Wright's MSJ and Exhibit C to the Bartow Declaration contain discussions concerning the contents of Plaintiff's alleged trade secrets in this action, which Plaintiff has contended are sensitive and confidential and should remain out of the public record." *Id.* at 2. Wright then argues that the information "is confidential, has not been disclosed to the public, and is protected internally within Plaintiff" but also "does not take a position on the merits of Plaintiff's contentions, but in an abundance of caution, seeks leave to file such information under seal." *Id.* Similarly, and providing the same explanation, Wright seeks to redact portions of its reply regarding its motion for summary judgment, as well as Exhibit 1 to the Bartow Declaration. ECF No. 331 at 1–2.

The moving party must overcome the presumption of access by citing "compelling reasons supported by specific factual findings" to seal documents regarding a dispositive motion. *Kamakana*, 447 F.3d at 1178 (quoting *Foltz*, 331 F.3d at 1135 (citations omitted)). The reasons provided must be compelling enough to overcome the public's interest in access to those documents. *Id.* Here, although the redactions appear narrowly tailored because they only call for redactions, Wright does not provide a sufficient explanation for why these documents should be redacted in the first place. Although reasons have been provided, they are not compelling. The fact that the parties have agreed to keep information confidential in a protective order without more does not provide a compelling reason to seal a court record. *See Foltz*, 331 F.3d at 1138. Therefore, these motions are denied without prejudice.

### C. ImageKeeper's Motions to Seal (ECF Nos. 322, 328)

ImageKeeper seeks to redact portions of its opposition to Evoke's motion for summary judgment and Exhibits N-BB and DD-FF attached thereto in support. ECF No. 328. ImageKeeper also seeks to redact portions of its opposition to Wright's motion for summary judgment and Exhibits A-M attached thereto in support. ECF No. 322.

In support of its motions, it argues that "[t]he information contained in the redacted portions of ImageKeeper's Opposition [to Wright's motion for summary judgment] and Exhibits A, C, L, and M is extremely confidential, has never been disclosed to the public, and is protected internally within ImageKeeper." ECF No. 322 at 2–3; *see also* ECF No. 328 at 2 (making the same argument about ImageKeeper's opposition to Evoke's motion for summary judgment and Exhibits T, U, V, W, Y). ImageKeeper leans on the fact that "[t]he information and documents discussed in the redacted portions and contained in the exhibits have been designated, at the least, confidential." ECF No. 322 at 2; ECF No. 328 at 2. Regarding exhibits O, P, Q, R, X, Z, N, S, EE, FF, AA, BB, B, D, E, G, H, F, I, J, and K, ImageKeeper argues only that Wright, Evoke, or third-party Colonial Claims "has designated that information and/or documents confidential." ECF No. 322 at 3; ECF No. 328 at 3. For the same reasons as I deny Wright's motions, I deny ImageKeeper's, also without prejudice. Parties' agreement to keep information confidential without more does not create a compelling reason for this court to grant a motion to seal.

### III. Conclusion

IT IS THEREFORE ORDERED that Wright's motions to seal **[ECF No. 318; ECF No. 331] are DENIED without prejudice**, and ImageKeeper's motions to seal **[ECF No. 322; ECF No. 328] are DENIED without prejudice**. By January 10, 2025, Wright and ImageKeeper are directed to either:

(1) file a motion requesting that the motions be unsealed in their entirety; or

(2) file a motion to seal addressing the *Kamakana* standard in conjunction with the motions for summary judgment in accordance with the local rules.

IT IS FURTHER ORDERED that defendant Evoke's motions to seal **[ECF No. 315; ECF No. 335] are GRANTED**. The Clerk of Court is directed to maintain the seal on ECF Nos. 316, 337.

Dated: December 20, 2024

_____
Cristina D. Silva
United States District Judge