UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Imagekeeper, LLC,

                Plaintiff

v.

Wright National Flood Insurance Services LLC et al.,

                Defendants

Case No. 2:20-cv-01470-CDS-NJK

**Order Denying the Plaintiff's Motion for Reconsideration and Granting the Plaintiff's Motion to Seal**

[ECF Nos. 346, 348]

This is a trade secret misappropriation case, in which plaintiff ImageKeeper LLC brought twelve claims against defendants Wright National Flood Insurance Services and Evoke Technologies Private Limited. *See* First am. compl., ECF Nos. 67, 68.[1] I granted in part and denied in part the defendants' motion for summary judgment (ECF No. 344), which ImageKeeper now seeks reconsideration on based on an "error" in the court's decision. *See* Mot. for recons., ECF No. 348. The motion is fully briefed. *See* Resps., ECF Nos. 351, 352, 353; Reply, ECF No. 354. ImageKeeper also filed a renewed motion to seal part of Exhibit A. *See* ECF No. 346. The defendants did not file a response or opposition. The time to respond was July 21, 2025, so this motion is fully briefed. *Id.*

In considering ImageKeeper's motion for reconsideration, it has not provided a legally valid reason to reconsider my summary judgment order, so I deny that motion. For the reasons that follow, I grant ImageKeeper's motion to seal limited portions of Exhibit A.

---

[1] With over five years of motion practice, the parties are familiar with the facts of this case, so I only include here the information relevant to resolving the pending motions.

## I.    Legal standard

Motions for reconsideration offer "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation modified). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). A motion to reconsider must provide a court with valid grounds for reconsideration.

"[A] motion for reconsideration of summary judgment is appropriately brought under either Rule 59(e) or Rule 60(b)." *See Moore v. Mortg. Elec. Registration Sys.*, Inc., 650 F. App'x 406, 407 n.1 (9th Cir. 2016) (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)). Under Rule 59(e), reconsideration may be appropriate if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (citation omitted).

Clear error is "plain and indisputable, and [it] amounts to a complete disregard of the controlling law or the credible evidence in the record." *Teamsters Local 617 Pension & Welfare Funds v. Apollo Group*, Inc., 282 F.R.D. 216, 231 (D. Ariz. 2012) (cleaned up). "Unhappiness with the outcome is not included within the rule; unless the moving party shows that one of the stated grounds for reconsideration exists, the Court will not grant a reconsideration." *Roe v. LexisNexis Risk Sols., Inc.*, 2013 WL 12134002, at *2 (C.D. Cal. May 2, 2013); *see* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). In this district, motions for reconsideration are governed by Local Rule 59-1. *See* LR 59-1(a) (explaining that a party seeking reconsideration under this rule must state with particularity the points of law or fact that the court has overlooked or misunderstood).

II.       Discussion

As a threshold matter, ImageKeeper's motion to reconsider is untimely. *See Byunum v. City of Las Vegas*, 2021 U.S. Dist. LEXIS 120833, at *3 (D Nev. June 29, 2021) (finding that the plaintiff's motion for reconsideration filed two months after an order was entered was untimely under Local Rule 59-1(c)); *Mattel, Inc. v. MGA Ent., Inc.*, 782 F. Supp. 2d 911, 960 (C.D. Cal. 2011) (finding that the motion for reconsideration of the two-month old order was untimely). My order resolving the summary judgment motions was entered on June 24, 2025. ECF No. 344. Imagekeeper did not file its motion for reconsideration for two months. ECF No. 348. However, I nonetheless address the merits of ImageKeeper's motion.

A.   **ImageKeeper fails to state adequate grounds to grant its motion to reconsider.**

Imagekeeper asserts that it moves for reconsideration of the court's order resolving the motions for summary judgment (ECF No. 344) because the court erred by disregarding "both the factual record and requisite law concerning the independent economic value of Trade Secret 3." ECF No. 348 at 2. Specifically, ImageKeeper asks the court to reconsider its finding that ImageKeeper "failed to raise a genuine dispute of material fact as to its independent value" with respect to Trade Secret 3. *Id.* at 4 (citing ECF No. 344 at 17).

To support its argument, ImageKeeper cites portions of its opposition (ECF No. 323). ECF No. 348 at 4–5. ImageKeeper asserts that it responded to "every argument" that Wright made "regarding the independent economic value of Trade Secret 3," but the court's "order disregarded these facts given the requisite law concerning independent value." *Id.* at 6. ImageKeeper's support includes references to excerpts from its opposition, "APIs were not entirely routine and well-known because it contained information that Evoke needed and used to create APIs to function the same way as ImageKeeper's proprietary and non-public APIs." ECF No. 348 at 4 (referencing ECF No. 321 at 13). ImageKeeper correctly argues that it raised these arguments in its opposition, and it did in fact respond to Wright's arguments. But it fails to show how the court erroneously considered or weighed their arguments. Rather, it merely re-

3

asserts the same argument this court considered and rejected, so reconsideration is inappropriate. *In re AgriBioTech, Inc.*, 319 B.R. 207, 209 (D. Nev. 2004) ("A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled.").

ImageKeeper further asserts that when the court found "there is no way to conclude that these APIs and the associated documents are independently valuable because ImageKeeper has not provided any documentation to that effect," it effectively "created a new argument" that Wright did not make. ECF No. 348 at 6 (citing ECF No. 344 at 16). This argument is also unpersuasive, and it misses the point. I found that there was no way to conclude that the APIs and associated documents were independently valuable, in part, because ImageKeeper did not provide any documentation to establish any independent value. ECF No. 344 at 16. That did not however end my inquiry, nor was it dispositive in my finding that ImageKeeper failed to create a genuine issue of material fact.[2] As noted in the summary judgment order, "ImageKeeper has gone to great lengths to argue that its APIs were trade secrets because they were behind barriers, but when given repeated opportunities to actually explain their value, it either refuses to or simply cannot do so." *Id.* Nothing in its motion for reconsideration changes this finding.

In its reply, ImageKeeper asserts that the issue concerning independent value regarding Trade Secret 3 was not properly addressed in the parties' motion for summary judgment previously. ECF No. 354 at 4. Specifically, it argues that because defendants Wright and Evoke "did not earnestly address the independent economic value of Trade Secret 3," only now is it "required (or able) to focus" on the suggestion that "ImageKeeper failed to raise a genuine dispute of material fact as to its independent value with respect to Trade Secret 3" because the

---

[2] ImageKeeper also asserts that it is not solely arguing that the "APIs and supporting documentations have independent value only because the APIs and supporting documentation were kept under lock and key." ECF No. 348 at 7. But this argument is misleading because I did not solely decide that there was no genuine dispute of material fact on that basis. Rather, a review of the order reveals ImageKeeper's argument was a "one-size-fits-all approach" as it pertains to independent value, and as such, it was rejected. *See* ECF No. 344 at 16–17.

court's order is the "first time the issue is squarely on the record." ECF No. 354 at 4. ImageKeeper's argument fails for several reasons.

First, as already noted, Imagekeeper's citations to its own opposition demonstrates it is re-asserting the same, previously rejected arguments. Second, ImageKeeper's excuse that it was unable to focus on this point previously is perplexing and strains credibility: there is no reason or viable explanation as to why it could not have focused on or addressed it in its briefing. *See Carroll*, 342 F.3d at 945 (explaining a motion for reconsideration may not be used to raise arguments or present evidence for the first time when they **could reasonably have been raised earlier in the litigation**).

In reality, ImageKeeper has had multiple opportunities to show how Trade Secret 3 has independent value, but has failed to present persuasive arguments in support thereof.[3] Now, ImageKeeper essentially asserts that the court's decision constituted clear error because the defendants "could not create their competing system without the ImageKeeper APIs and supporting documentation," that "[t]his alone shows the independent value of Trade Secret 3," and that the court "ignore[d] both the weight of the facts and legal precedent." ECF No. 354 at 4, 6–7. But clear error is error that is "plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Apollo Group*, 282 F.R.D. at 231; *see also Fisher v. Roe*, 263 F.3d 906, 912 (9th Cir. 2001), *overruled on other grounds by Payton v. Woodford*, 346 F.3d 1204 (9th Cir. 2003) ("To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must, as one member of this court recently stated during oral argument, strike us as wrong with the force of a five-week old, unrefrigerated dead fish."). Imagekeeper's disagreement with the court's conclusions does not meet the clear error standard. *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (mere

---

[3] *See* ECF No. 344 (explaining ImageKeeper has been given "repeated opportunities to actually explain their value, it either refuses to or simply cannot do so. Instead, it has presented the independent value (of all of its trade secrets as obvious: the APIs must have had independent value because, if not, 'Wright Flood should have been able to independently develop the same without access to or utilizing (illicitly or otherwise) any portion of the ImageKeeper System'"). ECF No. 344 at 16–17 (citing ECF No. 163-1 at 41).

5

disagreement with court is insufficient for reconsideration). And importantly, ImageKeeper still has not produced the evidence necessary to support this conclusion. Consequently, ImageKeeper fails to demonstrate reconsideration is warranted, so, its motion for reconsideration is denied.

**B.   ImageKeeper's second renewed motion to seal is granted.**

ImageKeeper previously moved to seal Exhibit A connected to its opposition to the motion for summary judgment, which I previously denied. *See* ECF Nos. 322, 342. In my prior order addressing the motions for summary judgment, I granted ImageKeeper one more opportunity to submit a redacted version of Exhibit A along with a renewed motion to seal (ECF No. 344 at 48), to which ImageKeeper timely complied.

ImageKeeper's initial reasoning for sealing its exhibits was because the parties designated the documents as confidential (ECF No. 322 at 3; ECF No. 328 at 3), but I found that to not be a compelling reason to seal its opposition and exhibits. ECF No. 340 at 5. Then ImageKeeper stated that the "highlighted portion contains confidential business information of ImageKeeper," ECF No. 342 at 3–5, which I considered in my prior ruling. *See* ECF No. 344 at 46. I found that while this explanation was sufficient to warrant redactions of some of its exhibits, it was insufficient to explain why it seeks to seal entire portions of the deposition transcript of Rule 30(b)(6) witness Michael Patterson in Exhibit A. *See id.*

In ImageKeeper's renewed motion to seal (ECF No. 342 at 3–4), it sought to seal Exhibit A in its entirety, reasoning that it "contains confidential information of ImageKeeper, confidential and proprietary information relating to Trade Secrets, and business information relating to ImageKeeper and Wright Flood's confidential agreements." ECF No. 342 at 3–4. I now consider ImageKeeper's second renewed motion, and find compelling reasons exist to seal portions of Exhibit A.

ImageKeeper's second renewed motion is more limited in the sections of the deposition that it seeks to seal. It has identified and highlighted specific portions of the deposition

transcript that relate to confidential agreements and terms, and confidential and proprietary information related to trade secrets. I find that its request is narrow, leaving non-sensitive information available to the public. *See Jaramillo v. Area 15 Las Vegas LLC*, 2021 U.S. Dist. LEXIS 234865 (D. Nev. Dec. 8, 2021) (explaining that redaction is the court's preferred method over sealing an entire document); *see also Bullion Monarch Mining, Inc. v. Barrick Goldstrike Mines, Inc.*, 2018 U.S. Dist. LEXIS 187819, at *13 n.2 (D. Nev. Nov. 1, 2018) (finding compelling reasons to seal selective references to and exhibits describing defendant's confidential business information because it may harm defendant's competitive standing if revealed). And by failing to file an opposition, the defendants effectively "consent to the granting of the motion." Local Rule 7-2(d). Because ImageKeeper has demonstrated compelling reasons for filing portions of Exhibit A under seal and its renewed request is narrowly tailored, I grant its motion.

**III.    Conclusion**

IT IS HEREBY ORDERED that ImageKeeper's motion for reconsideration **[ECF No. 348] is DENIED.**

IT IS FURTHER ORDERED that ImageKeeper's motion to seal **[ECF No. 346] is GRANTED.**

Dated: January 26, 2026

_____
Cristina D. Silva
United States District Judge